Jonathan A. Weinstein, Esq. Village Attorney, Woodsburgh
You have informed us that your village's board of zoning appeals has been presented with an application for a variance by a country club. Three of the five board members are members of the club and feel that they would have a conflict of interest in acting on the application and will recuse themselves. You have asked whether it would be possible for the village board of trustees to authorize the mayor to appoint ad hoc members to determine applications whenever a conflict of interest or other factors result in less than a quorum on the board of zoning appeals.
Section 7-712(1) of the Village Law authorizes the board of trustees to establish a board of zoning appeals consisting of three or five members and sets forth the procedures for these appointments. We are not aware of any provision in the Village Law which deals with the situation you have presented. However, Article 7 of the Village Law is not the only authorization for zoning regulations.
Villages are authorized to amend or supersede any provision of the Village Law relating to its property, affairs or government or to other matters in relation to which it is authorized to adopt local laws, notwithstanding that such provision is a general law, unless the Legislature expressly has prohibited the adoption of the proposed local law (Municipal Home Rule Law, § 10[1][ii][e][3]). In construing a similar provision for towns (id., § 10[1][ii][d][3]), the Appellate Division decided that towns are authorized to adopt zoning regulations by local law under the Municipal Home Rule Law and therefore may amend or supersede zoning provisions in the Town Law (Matter of Sherman vFrazier, 84 A.D.2d 401 [2d Dept, 1982]). The court cited Municipal Home Rule Law, § 10(1)(ii)(a)(14) which authorizes towns, villages, cities and counties to adopt local laws to exercise the powers granted to them in the Statute of Local Governments (Matter of Sherman v Frazier, supra,
p 409). The court concluded that since the Statute of Local Governments, § 10(6) grants to towns (also villages and cities) the power to adopt, amend and repeal zoning regulations, it follows that a town board may adopt zoning regulations by local law under the Municipal Home Rule Law (ibid.). Since villages and towns are covered by substantially similar statutory provisions, it follows that villages by local law may amend or supersede zoning provisions of the Village Law. We note that villages may also adopt local laws in relation to the government, protection, order, conduct, safety, health and well-being of persons or property therein (Municipal Home Rule Law, § 10[1][ii][a][12]). This is the grant of the police power, which in our opinion is additional authority for local zoning and planning regulations. Also, a village may adopt local laws relating to the powers, duties, qualifications, number, mode of selection and removal, and terms of office of its officers and employees (id., § 10[1][ii][a][1]).
It seems clear that the designation of the appointing authority for filling positions on a local zoning board of appeals is within the scope of the above home rule powers of villages. Therefore, we believe that a village may amend section 7-712(1) of the Village Law to authorize the appointment by the mayor of ad hoc members to the zoning board of appeals when conflicts of interest or other factors intervene to eliminate the quorum necessary for action. Under section 7-712, the members of the board of appeals are appointed by the village board. The proposed local law would allow appointment of ad hoc replacements by the mayor. The question arises whether this local law would be subject to referendum under section 23(2)(f) of the Municipal Home Rule Law. Under that provision, a local law abolishing, transferring or curtailing any power of an elective officer is subject to mandatory referendum.
Since the local law would add a new power, that is the appointment of ad hoc members in the event of conflicts of interest eliminating a quorum, it does not abolish, transfer or curtail an existing power of elective officers, in this case members of the village board. This is so because the regular members of the board of appeals, appointed under section 7-712 by the village board, would be unable to act by reason of their conflicts. Therefore, the appointing power of the village board is unaffected. But this is true only if the mayor's appointing power is limited to instances of conflicts of interest.